1  JEFFREY W. BROKER – State Bar No. 53226
   BROKER & ASSOCIATES PROFESSIONAL CORPORATION
2  18191 Von Karman Avenue, Suite 470
   Irvine, CA 92612-7114
3
   Telephone:  (949) 222-2000
4  Facsimile:   (949) 222-2022
   email:      *jbroker@balawcorp.com*
5
   General Counsel for Plaintiff Official Committee
6  of Creditors Holding Unsecured Claims

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SANTA ANA DIVISION**

11

12  In re                                    Case No.  SA-05-13514 JR
                                             Chapter 11 Proceeding
13
    GSM WIRELESS, INC., a California          Adversary No. _____
14  corporation, dba Pacific Bell PCS Stores,
    Pacific Bell Wireless, and Cingular Wireless,  **COMPLAINT TO AVOID AND**
15                                           **RECOVER TRANSFERS OF**
              Debtor and                     **PROPERTY; FOR TURNOVER OF**
16            Debtor-in-Possession            **PROPERTY OF THE ESTATE;**
                                             **OBJECTIONS TO CLAIM AND**
17  _____  **COUNTERCLAIM; DECLARATORY**
                                             **AND OTHER EQUITABLE RELIEF**
18  THE OFFICIAL COMMITTEE OF
    CREDITORS HOLDING UNSECURED
19  CLAIMS OF GSM WIRELESS, INC.,
    DEBTOR,
20
              Plaintiff,
21                                           **STATUS CONFERENCE:**
        vs.
22                                           DATE:  [To be set by Court]
                                             TIME:
    MOHAMMAD HONARKAR,                       CTRM:  5A
23                                                  411 West Fourth Street
              Defendant.                            Santa Ana, CA 92701
24
    _____
25

26

27

28

FILED

OCT 21 2005

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ORIGINAL

G:\40336.1 GSM Wireless\0190\Honarkar.doc

1    COMES NOW Plaintiff, **THE OFFICIAL COMMITTEE OF CREDITORS**

2    **HOLDING UNSECURED CLAIMS OF GSM WIRELESS, INC., DEBTOR** (hereinafter

3    referred to as "Plaintiff" or the "Committee"), and alleges as follows:

4                              **NATURE OF THE CASE**

5    1.      This is an adversary proceeding under the Bankruptcy Code to enforce rights

6    conferred upon the Committee by GSM Wireless, Inc., a California corporation ("the Debtor")

7    that have been previously approved by Orders of this Court entered on August 8, 2005 and

8    September 7, 2005 to pursue the claims set forth below and recover monies from Defendant

9    Mohammad Honarkar ("Honarkar") that the Debtor contends are owed by him to it.

10   2.      Plaintiff is informed and believes and thereon alleges that Honarkar asserts a post-

11   petition claim arising from a Bankruptcy Court-approved secured loan transaction between he

12   and the Debtor in the amount of $800,000.00 plus interest in which the existence of the

13   'Shareholder Loan Transfers' described at paragraph 29 hereinbelow was not disclosed to the

14   Court or to parties in interest.

15   3.      The rights asserted by the Committee through this adversary proceeding will

16   result in a 'netting' of the claims between Honarkar and the Debtor, and the Committee asserts

17   that after such 'netting' Honarkar will owe the Debtor in excess of $2.57 million.

18   4.      This adversary proceeding seeks:

19           a.      A judgment for the recovery of preferential transfers to Honarkar by the

20   Debtor in the amount of $132,947.70 described below;

21           b.      A judgment for the recovery of moneys paid by the Debtor to Honarkar

22   constituting unauthorized post-petition transfers in the amount of $5,333.33 described

23   below;

24           c.      A judgment for the recovery of moneys owed to the Debtor by Honarkar

25   arising as a result of a shareholder loan in the amount of $3,229,574.88 as of June 30,

26   2005 described below;

27

28                                              -2-

1    d.    A judgment that Honarkar is entitled to *no recovery* under his post-petition

2    secured loan to the Debtor in view of the magnitude of his aforementioned monetary

3    obligations to the Debtor; and

4    e.    All other relief that the Court deems equitable and in the furtherance of

5    justice in this action.

6    **JURISDICTION AND VENUE**

7    5.    This action is brought pursuant to, and under, Rules 3007 and 7001 et seq. of the

8    Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to seek relief in accordance

9    with 11 U.S.C. §§105, 502, 542, 544, 547, 549, 550 and other applicable law.

10    6.    This adversary proceeding arises in and relates to the above-captioned bankruptcy

11    case, currently pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

12    Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana

13    Division (the "Bankruptcy Court" or "Court") that was filed with the Clerk of the Bankruptcy

14    Court on May 19, 2005 (the "Petition Date").

15    7.    Plaintiff is informed and believes that Defendant Honarkar asserts a claim against

16    the Debtor based upon an Order entered by the Bankruptcy Court on May 25, 2005 (the "Interim

17    Order") approving an emergency motion made by the Debtor for a post-petition secured loan in

18    the amount of up to $900,000.00 from Honarkar to the Debtor in an interim basis.  A true and

19    correct copy of the Interim Order is attached hereto as Exhibit 1 and incorporated by reference.

20    The existence of the 'Shareholder Loan' described below was not disclosed in the underlying

21    motion presented to the Court in connection with the Debtor obtaining the Interim Order.

22    Honarkar advanced $800,000.00 to the Debtor and as a result holds a claim against the Debtor in

23    that amount (the "Post-Petition Claim") pursuant to the terms of the Interim Order.  The Interim

24    Order entered on May 25, 2005 approving the loan from Honarkar described above authorized

25    the Debtor to grant in favor of Honarkar a lien junior to existing senior liens, and to the extent

26    there is insufficient collateral to secure such junior lien, then authorized to allow such debt under

27    11 U.S.C. §503(b)(1) as an administrative expense claim, junior to any professional fees incurred

28

1  in this case. On August 16, 2005 the Court entered a final order (the "Final Order") approving

2  the post-petition loan, without prejudice to the Committee asserting any and all claims and/or

3  rights between the Debtor estate and Honarkar that existed as of the date of the Interim Order. A

4  true and correct copy of the Final Order is attached hereto as Exhibit 2 and incorporated by

5  reference.

6      8.    As set forth below, the Committee challenges the Post-Petition Claim because

7  Defendant Honarkar owes the Debtor substantially more than it may owe Honarkar and seeks,

8  inter alia, declaratory and other relief determining that no amounts are due from it to Defendant

9  Honarkar.

10      9.    This Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C.

11  §§157 and 1334. This is a core proceeding as to which this Court may enter final judgment

12  under 28 U.S.C. §§157(b)(1), 157(b)(2)(A), (B), (C), (D), (E), (F), (H), (K) and (O). This Court

13  additionally has supplemental jurisdiction under 28 U.S.C. §1367.

14      10.    Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409(a), as this

15  adversary proceeding arises under Title 11 or arises in or relates to a case under Title 11 which is

16  pending in this Court.

17                   **THE PARTIES**

18      11.    Plaintiff is the Official Committee of Creditors Holding Unsecured Claims in the

19  Debtor's case, specifically empowered to bring on the Claims for Relief described hereinbelow

20  pursuant to Orders of the Bankruptcy Court entered on August 8, 2005 and September 7, 2005.

21      12.    Defendant Honarkar is the Debtor's sole shareholder and officer, and is a resident

22  of the County of Orange, State of California.

23

24

25

26

27

28

## CLAIMS FOR RELIEF[1]

## FIRST CLAIM FOR RELIEF

## (TO AVOID PREFERENTIAL TRANSFERS)

13.     Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 12 hereinabove by reference as though fully set forth at length.

14.     At all times relevant hereto, Defendant Honarkar was and is an 'insider' of the Debtor within the meaning of 11 U.S.C. §101(31).

15.     On or within one year before the Petition Date, between May 19, 2004 and May 19, 2005 (the "Preference Period"), the Debtor made a series of transfers of an interest of the Debtor in property, by means of a series of checks, wire transfers, or the equivalent in an aggregate amount of not less than $132,947.70 (hereinafter collectively referred to as the "Transfers") directly to or for the benefit of Defendant Honarkar.  Plaintiff seeks to recover by this Complaint all Transfers made to Defendant within the Preference Period, and will amend its Complaint to add additional Transfers, if any, that are subsequently discovered.

16.     Defendant Honarkar was a creditor of the Debtor at the time of the Transfers within the meaning of 11 U.S.C. §101(10)(A).  At the time of the Transfers, Defendant Honarkar had a right to payment on account of an obligation owed to him by the Debtor.

17.     The Transfers were for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers reduced a debt then owed by the Debtor to Defendant Honarkar.

18.     The Transfers were made on account of an antecedent debt because the Transfers were on account of a debt owed by the Debtor to Honarkar before the Transfers were made.

---

[1] These Claims for Relief are pleaded cumulatively or in the alternative, and no claim is meant to be mutually exclusive. See Fed. R. Civ. P. 8(e) (A party may "state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable or maritime grounds.")

19.     The Debtor was insolvent throughout the Preference Period as that term is defined in 11 U.S.C. §§101(32) and 547.

20.     The Transfers enabled Defendant Honarkar to receive more on account of his debt than if this case were a case under Chapter 7 of the Bankruptcy Code, and the Transfers had not been made, and Defendant received payment on his debt to the extent provided by the provisions of the Bankruptcy Code.

21.     Although demand has been made upon Defendant to pay the amount of the Transfers over to the Debtor, he has failed and refused to do so.

22.     By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §547(b).

### SECOND CLAIM FOR RELIEF

### (TO RECOVER POST-PETITION TRANSFERS)

23.     Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 12 hereinabove by reference as though fully set forth at length.

24.     In or about July 2005, subsequent to the Petition Date, the Debtor caused a transfer of an interest of the Debtor in property, by means of checks, wire transfer, or the equivalent in an amount of not less than $5,333.33 (hereinafter referred to as the "Post-Petition Transfer") directly to or for the benefit of Defendant Honarkar.

25.     The Post-Petition Transfer was not authorized under Title 11, United States Code, or by the Bankruptcy Court.

26.     Although demand has been made upon Defendant to pay the amount of the Post-Petition Transfer over to the Debtor, he has failed and refused to do so.

27.     By reason of the foregoing, the Post-Petition Transfer is avoidable pursuant to 11 U.S.C. §549(a).

**THIRD CLAIM FOR RELIEF**

**(FOR RECOVERY OF FRAUDULENT CONVEYANCES)**

28.     Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 12 hereinabove by reference as though fully set forth at length.

29.     Plaintiff is informed and believes and thereon alleges that in connection with the purchase by Defendant Honarkar of stock in the Debtor and other entities from one Joseph Fernandez de Castro (hereinafter "de Castro") in early 2003, that Honarkar caused the Debtor's funds in the total principal amount of $3,000,000.00 (the "Shareholder Loan Transfers") to be paid to de Castro on behalf of Honarkar between approximately April 2003 through March 2004 in order to effectuate the purchase. This transaction was reflected in the Debtors books and records as a loan by the Debtor to Mr. Honarkar, and was to bear interest at an agreed interest rate of 5% per annum (the "Shareholder Loan"). The Shareholder Loan was specifically scheduled as the Debtor's largest single asset, without an itemization of accrued interest, in Schedule B filed by the Debtor under oath in its Chapter 11 case on or about July 5, 2005, and is property of the Debtor's estate under 11 U.S.C. §541.

30.     Plaintiff is informed and believes and thereon alleges that there are present creditors of the Debtor whose claims existed at the time of the Shareholder Loan Transfers that remained unpaid as of the Petition Date.

31.     The Shareholder Loan Transfers described hereinabove were made within 4 years of the Petition Date.

32.     Plaintiff is informed and believes and thereon alleges that the Shareholder Loan Transfers were made:

a.     For less than reasonably equivalent value, or any value, in exchange for the Shareholder Loan Transfers;

b.     While the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or the transaction;

1          c.    While the Debtor intended to incur, or believed or reasonably should have

2      believed the Debtor would incur, debts beyond its ability to pay them as they became due;

3      and /or

4          d.    at the time the Debtor was insolvent and/or was rendered insolvent by

5      virtue of the Shareholder Loan Transfers.

6      33.    Although demand has been made upon Defendant to pay the amount of the

7      Shareholder Transfers over to the Debtor, he has failed and refused to do so.

8      34.    Based upon the foregoing, Plaintiff may avoid the Shareholder Loan Transfers

9      pursuant to 11 U.S.C. §544 and California Civil Code §§3439.05 and 3439.07.

10      **FOURTH CLAIM FOR RELIEF**

11      **(TO RECOVER AVOIDED TRANSFERS**

12      **FOR THE BENEFIT OF THE ESTATE)**

13      35.    Plaintiff realleges and incorporates each and every allegation contained in

14      paragraphs 1 through 34 hereinabove by reference as though fully set forth at length.

15      36.    The Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §547, may

16      be recovered by Plaintiff pursuant to 11 U.S.C. §550.

17      37.    The Post-Petition Transfer, to the extent that it is avoided pursuant to 11 U.S.C.

18      §549, may be recovered by Plaintiff pursuant to 11 U.S.C. §550.

19      38.    The Shareholder Loan Transfers, to the extent that it is avoided pursuant to 11

20      U.S.C. §544 and California Civil Code §§3439.05 and 3439.07, may be recovered by Plaintiff

21      pursuant to 11 U.S.C. §550.

22      **FIFTH CLAIM FOR RELIEF**

23      **(FOR TURNOVER OF PROPERTY OF THE ESTATE)**

24      39.    Plaintiff realleges and incorporates each and every allegation contained in

25      paragraphs 1 through 12 and 29 hereinabove by reference as though fully set forth at length.

26      40.    Although demand was made by the Plaintiff upon Defendant Honarkar for the

27      repayment of the Shareholder Loan Transfers, Defendant Honarkar has failed and refused to pay

28

1   the same and turn over said funds to the Debtor, to the Debtor's damage in the principal sum of

2   $3,000,000.00 together with interest thereon in the additional amount of $229,574.88 as of June

3   30, 2005, plus such additional interest in an amount to be established according to proof.

### SIXTH CLAIM FOR RELIEF

### (OBJECTION TO CLAIMS)

6      41.    Plaintiff realleges and incorporates each and every allegation contained in

7   paragraphs 1 through 40 hereinabove by reference as though fully set forth at length.

8      42.    Based upon the foregoing, Honarkar owes the estate in excess of $3.37 million,

9   for which demand has been made by Plaintiff.

10      43.    The Honarkar Post-Petition Claim – (Exhibits 2 and 3) is in the approximate

11   amount of $800,000.00.

12      44.    Based upon the foregoing, the Post-Petition Claim should be disallowed in its

13   entirety, any lien rights annulled, and the Plaintiff granted offsetting affirmative monetary relief

14   as alleged herein.

### SEVENTH CLAIM FOR RELIEF

### (COUNTERCLAIM FOR MONEY)

17      45.    Plaintiff realleges and incorporates each and every allegation contained in

18   paragraphs 1 through 44 hereinabove by reference as though fully set forth at length.

19      46.    Although demand was made by the Plaintiff upon Defendant Honarkar for the

20   repayment of moneys owing to the Debtor estate, he has failed to do so, to the Debtor's damage

21   as follows:

22          (a)    The principal sum of $132,947.70 representing the Transfers;

23          (b)    The principal sum of $5,333.33 representing the Post-Petition Transfer;

24          (c)    The principal sum of $3,000,000.00 representing the Shareholder Loan

25   Transfers together with interest thereon in the additional amount of $229,574.88 as of

26   June 30, 2005; and

1             (d)     Interest on the foregoing in an amount to be established according to

2 proof.

3 **EIGHTH CLAIM FOR RELIEF**

4 **(DECLARATORY RELIEF)**

5      47.    Plaintiff realleges and incorporates each and every allegation contained in

6 paragraphs 1 through 46 hereinabove by reference as though fully set forth at length.

7      48.    An actual controversy exists by and between Plaintiff and Defendant Honarkar as

8 follows:

9             (a)     Defendant Honarkar asserts a claim against the estate on a secured and

10 possibly on administrative grounds in the amount of approximately $800,000.00.

11             (b)     Plaintiff asserts claims against Honarkar in excess of $3.37 million, for

12 which demand has been made.

13      49.    It is necessary for the Court to adjudicate that Defendant Honarkar is to receive no

14 moneys from the Debtor estate by way of secured claim or administrative claim or otherwise, that

15 any lien rights be annulled, and that the Plaintiff is entitled to an affirmative monetary recovery

16 against Defendant Honarkar as alleged hereinabove.

17 **PRAYER FOR RELIEF**

18 WHEREFORE, Plaintiff prays for the following relief against Defendant Honarkar:

19 **FIRST CLAIM FOR RELIEF**

20      1.    For Judgment avoiding the Transfers as constituting preferential transfers;

21 **SECOND CLAIM FOR RELIEF**

22      2.    For Judgment avoiding the Post-Petition Transfer as constituting an unauthorized

23 post-petition transfer;

24 **THIRD CLAIM FOR RELIEF**

25      3.    For Judgment avoiding the Shareholder Loan Transfers as constituting fraudulent

26 conveyances;

27

28

**FOURTH CLAIM FOR RELIEF**

4.       For Judgment ordering the recovery of the Transfers in the amount of $132,947.70; the Post-Petition Transfer in the amount of $5,333.33; and the Shareholder Loan Transfers in the amount of $3,000,000.00 together with interest thereon in the additional amount of $229,574.88 as of June 30, 2005, plus additional interest on the foregoing in an amount to be established according to proof from Defendant;

**FIFTH CLAIM FOR RELIEF**

5.       For Judgment ordering the turnover of the Shareholder Loan Transfers in the principal sum of $3,000,000.00 together with interest thereon in the additional amount of $229,574.88 as of June 30, 2005, plus such additional interest in an amount to be established according to proof;

**SIXTH CLAIM FOR RELIEF**

6.       For Judgment ordering that the Post-Petition Claim be disallowed in its entirety, and any lien rights be annulled;

**SEVENTH CLAIM FOR RELIEF**

7.       For Judgment as follows;

(a)       The principal sum of $132,947.70 representing the Transfers;

(b)       The principal sum of $5,333.33 representing the Post-Petition Transfer;

(c)       The principal sum of $3,000,000.00 representing the Shareholder Loan Transfers together with interest thereon in the additional amount of $229,574.88 as of June 30, 2005; and

(d)       Interest on the foregoing in an amount to be established according to proof;

**EIGHTH CLAIM FOR RELIEF**

8.       For Judgment declaring that that Defendant Honarkar is to receive no moneys from the Debtor estate by way of secured or administrative claim or otherwise, that any lien be

1    annulled, and that the Plaintiff is entitled to a monetary recovery against Defendant Honarkar as

2    alleged hereinabove;

3    ## AS TO ALL CLAIMS FOR RELIEF

4        9.    For interest on all monetary recoveries in an amount to be established according to

5    proof; and

6        10.   For such other and further relief as this Court may deem necessary and proper.

7

8    DATED: October **21**, 2005          **BROKER & ASSOCIATES**
                                           **PROFESSIONAL CORPORATION**
9

10                                        By:

11                                           Jeffrey W. Broker
                                             General Counsel for Plaintiff Official Committee
12                                           of Creditors Holding Unsecured Claims

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                       -12-



1  MARC J. WINTHROP – State Bar No. 63218
   GARRICK A. HOLLANDER – State Bar No. 166316
2  **WINTHROP COUCHOT**
   **PROFESSIONAL CORPORATION**
3  660 Newport Center Drive, 4th Floor
   Newport Beach, CA 92660
4
   Telephone:  (949) 720-4100
5  Facsimile:   (949) 720-4111
6  [Proposed] General Insolvency Counsel for
   Debtor ad Debtor-in-Possession

U.S. BANKRUPTCY COURT
FILED
MAY 24 2005
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY

ENTERED
MAY 25 2005
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

12  In re:

13  GSM WIRELESS, INC., a California
    corporation, dba Pacific Bell PCS Stores,
14  Pacific Bell Wireless, and Cingular Wireless,

15            Debtor and
              Debtor-in-Possession.
16

17

18

19

20  ///

21  ///

22

23

24

25

26

27

28

Case No. SA 05-13514 JR

Chapter 11 Proceeding

**ORDER GRANTING DEBTOR'S
EMERGENCY MOTION FOR ORDER
AUTHORIZING POST-PETITION
SECURED LOAN**

DATE:    May 24, 2005
TIME:    9:30 a.m.
PLACE:   Courtroom 5A

Exhibit ___1___
Page ___13___

05/24/2005 12:02 PM

1     On May 24, 2005, at approximately 9:30 a.m., a hearing was held on the Debtor's

2    Emergency Motion For Order Authorizing Post-petition Financing ("Motion"), filed by GSM

3    Wireless, the debtor and debtor-in-possession in the above-entitled Chapter 11 case (the "Debtor"),

4    before the Honorable John E. Ryan, United States Bankruptcy Judge.  Marc J. Winthrop, Esq. and

5    Garrick A. Hollander, Esq. of Winthrop Couchot Professional Corporation, proposed general

6    insolvency counsel to the Debtor, appeared on behalf of the Debtor.  Dean Rallis, Esq. of Sulmeyer

7    Kupetz a Professional Corporation appeared on behalf of Cingular Wireless.  Other appearances

8    made at the hearing on the Motion were as reflected on the record of the proceedings.

9     The Court having read and considered the Motion, having considered the declarations and

10    other evidence filed in support of the Motion and having heard the representations and arguments

11    of counsel and finding that, under the circumstances of this case, adequate notice of the hearing on

12    the Motion was provided and good and sufficient cause appearing therefor,

13    **IT IS HEREBY ORDERED that:**

14    1.    The Debtor's Motion is granted.

15    2.    The Debtor is authorized, on an interim basis pending final hearing on

16         notice to creditors, to enter into a loan agreement with and borrow

17         $900,000 from Mohammad Honarkar ("Honarkar"), the Debtor's

18         President and CEO and sole shareholder, pursuant to the terms and

19         conditions as set forth in the Motion, except the interest rate shall be 8%;

20         however, the Debtor may only use such funds as is necessary to sustain its

21         operations and make expenditures in the ordinary course and in

22         compliance with its budget.

23    3.    The Debtor is authorized to grant in favor of Honarkar a lien junior to

24         existing senior liens, and to the extent there is insufficient collateral to

25         secure such junior lien, then authorized to allow such debt under section

26         503(b)(1) as an administrative expense, junior to any professional fees

27         incurred in this case.

28

-2-

Exhibit   1

Page   14

105347
5/24/2005 11:54 AM

1   4.  Although Honarkar may, at his discretion, take such steps as he deems

2       necessary and appropriate to perfect the junior security interest, the lien

3       granted to Honarkar hereby shall be perfected by operation of law and this

4       order, and Honarkar shall not be required to file financing statements or

5       other documents in any jurisdiction or take any other action in order to

6       validate or perfect the lien granted hereunder.

7   5.  The foregoing financing shall be deemed to have been extended to the

8       Debtor in good faith in accordance with the provisions of Section 364(e)

9       of the Bankruptcy Code, and Mr. Honarkar shall be entitled to all of the

10      protections afforded pursuant to Section 364(e).

11  6.  The Final Hearing on the Motion shall be set for June 9, 2005, at

12      11:00 a.m.  Any response to the Motion shall be filed and served such that

13      they are received by June 6, 2005, on the Debtor's proposed counsel and

14      upon the Office of the United States Trustee.  Any reply to any such

15      response to the Motion shall be filed and served such that they are

16      received by June 8, 2005 by 12:00 p.m.

17  7.  Debtor's proposed counsel shall give notice of entry of this order.

18  8.  No further notice or Court appearance shall be necessary to effectuate the

19      foregoing.

20  DATED:  ~~MAY 2 4 2005~~, 2005

21

22                      HONORABLE JOHN E. RYAN
                        UNITED STATES BANKRUPTCY JUDGE
23                              applored
                                    8
24

25

26

27

28

-3-

Exhibit ___1___

Page ___15___

105347
05/24/2005 11:54 AM

## CERTIFICATE OF SERVICE

1

I, Paul S. Tu, declare as follows:

2

I am employed in the County of Orange, State of California; I am over the age of eighteen

3

years and am not a party to this action; my business address is 660 Newport Center Drive, 4th

4

Floor, Newport Beach, California 92660, in said County and State.

5

On May 24, 2005, I served the following document(s): **ORDER GRANTING
DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION**

6

**SECURED LOAN** on each of the interested parties:

7

by the following means of service:

| 8  | **Via Facsimile** | **Via Facsimile** |
|----|-------------------|-------------------|
| 9  | Office of the United States Trustee | **Counsel for Cingular Wireless** |
| 10 | Attention: Nancy Goldenberg, Esq.<br>714 338-3421 | Dean Rallis, Esq.<br>213 947-1107 |

| 11 | ☒ | **BY FACSIMILE:** On May 24, 2005, from Newport Beach, California, I caused each |
|----|---|---|
| 12 | | such document to be transmitted by facsimile machine to the parties and numbers indicated above. To the best of my knowledge, the transmission was reported as |
| 13 | | complete, and no error was reported by the facsimile machine. A copy of the transmission record is maintained by our office. |
| 14 | ☒ | I am employed in the office of Winthrop Couchot Professional Corporation. Garrick A. Hollander is a member of the bar of this Court. |
| 15 | ☒ | **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct. |

16

17

Executed on May 24, 2005.

18

*Paul S. Tu*

**Paul S. Tu**

19

20

Initials _____

21

22

23

24

25

26

27

28

-4-

Exhibit  I
Page  16
105347
05/24/2005 11:54 AM

| In re:   (SHORT TITLE) | CHAPTER 11 CASE NUMBER: |
|---|---|
| GSM Wireless, Inc., a California corporation, dba Pacific Bell PCS Stores, Pacific Bell Wireless, and Cingular Wireless | SA 05-13514 JR |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

You are hereby notified, that a judgment or order entitled (specify):

## ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER
## AUTHORIZING POST-PETITION SECURED LOAN

was entered on (specify date): _____ MAY 2 5 2005 _____ .

I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on (specify date):
MAY 2 5 2005

**Counsel for Debtor**
Winthrop Couchot P.C.
Attn: Joan Ann Murphy, Legal Assistant
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660

**United States Trustee**
Office of the United States Trustee
411 W. Fourth St., #9041
Santa Ana, CA 92701-4593

**Counsel for Cingular Wireless**
Dean Rallis, Esq.
Sulmeyer Kupetz, APC
333 S. Hope St., 33rd Floor
Los Angeles, CA 90071-1406

**Debtor**
Mohammad Honarkar, President
GSM Wireless, Inc.
8871 Research Drive
Irvine, CA 92618

DATED: _____ MAY 2 5 2005 _____

Clerk of the Bankruptcy Court

By: _____
Deputy Clerk

-5-

Exhibit _____ 1 _____
Page _____ 17 _____

105347
05/24/2005 12:03 PM

AUG 15

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

AUG 1 6 2005

1  **WEILAND, GOLDEN,**
   **SMILEY, WANG EKVALL & STROK, LLP**
2  Evan D. Smiley, State Bar No. 161812
   Philip E. Strok, State Bar No. 169296
3  Hutchison B. Meltzer, State Bar No. 217166
   650 Town Center Drive, Suite 950
4  Costa Mesa, California 92626
   Telephone:   (714) 966-1000
5  Facsimile:    (714) 966-1002

6  Attorneys for GSM Wireless, Inc.

7

8              **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

10

11  In re                              )  Case No.:SA 05-13514 JR
                                       )
12  GSM WIRELESS, INC.,                )  Chapter 11 Case
    a California corporation, dba Pacific Bell )
13  PCS Stores, Pacific Bell Wireless, and )  **STIPULATION RE: FINAL ORDER ON**
    Cingular Wireless,                 )  **THE DEBTOR'S EMERGENCY MOTION**
14                                     )  **FOR ORDER AUTHORIZING POST-**
15                  Debtor.            )  **PETITION SECURED LOAN; ORDER**
                                       )  **THEREON**
16                                     )
17                                     )  **DATE:   August 16, 2005**
                                       )  **TIME:   11:30 a.m.**
18                                     )  **CTRM.:  5-A**
                                       )
19                                     )
                                       )
20  _____  )

21      This Stipulation Re: Final Order on the Debtor's Emergency Motion for Order

22  Authorizing Post-Petition Secured Loan ("Stipulation") is entered into by and between

23  debtor and debtor-in-possession GSM Wireless, Inc. ("Debtor"), the Official Committee of

24  Unsecured Creditors ("Committee"), and Mohammad Honarkar ("Honarkar"), by and

25  through their counsel of record, based upon the following Recitals:

26

27

28

                                1

Exhibit    2
Page    18

1

## **RECITALS**

2       A.    On May 19, 2005, the Debtor filed a petition under Chapter 11 of the

3   Bankruptcy Code.

4

5       B.    On May 23, 2005, the Debtor filed an Emergency Motion for Order

6   Authorizing Post-Petition Secured Loan ("Motion") seeking authority to obtain post-

7   petition loan from the Debtor's owner and officer, Honarkar.

8       C.    On May 5, 2005, the Court entered an order granting the Motion on an

9   interim basis ("Interim Order").

10       D.    A final hearing on the Motion is scheduled for August 16, 2005 at 11:30

11   a.m.

12       E.    The Debtor and the Committee have agreed with Honarkar that the entry of

13   a final order granting the Motion ("Final Order") should not be interpreted as a waiver of

14   any rights or claims that may have existed between the Debtor's bankruptcy estate

15   ("Estate") and Honarkar on the date of the entry of the Interim Order.

16

17

## **STIPULATION**

18       NOW, THEREFORE, based on the foregoing Recitals, IT IS STIPULATED AND

19   AGREED THAT:

20

21       The Committee consents to the entry of a Final Order granting the Motion on the

22   condition that the Final Order contains language consistent with and with the same effect

23   as the following: "The entry of this Final Order is without prejudice to the Debtor, the

24   Committee, a Chapter 11 or Chapter 7 Trustee, or Mohammad Honarkar asserting any

25   and all claims and/or rights between the Estate and Honarkar that existed as of the date

26   ///

27   ///

28

2

Exhibit __2__

Page __19__

1  of the Interim Order."

2  DATED: August 4, 2005

3                                    WEILAND, GOLDEN,
                                     SMILEY, WANG EKVALL & STROK, LLP
4

5  By:

6                                    EVAN D. SMILEY
                                     Attorneys for GSM Wireless, Inc.
7

8  DATED: August 4, 2005

9                                    BROKER & ASSOCIATES,
                                     PROFESSIONAL CORPORATION
10

11 By:

12                                   JEFFREY W. BROKER
                                     Attorneys for the Official Committee of
13                                   Unsecured Creditors of the Estate of
                                     GSM Wireless, Inc.
14

15 DATED: August ___, 2005          LAW OFFICE OF THOMAS H. CASEY

16

17 By:

18                                   THOMAS H. CASEY
                                     Attorneys for Mohammad Honarkar
19

20

21

22

23

24

25

26

27

28

                              3

Exhibit   2
Page   20

1 | of the Interim Order."

2 | DATED: August ____, 2005

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

By: _____
EVAN D. SMILEY
Attorneys for GSM Wireless, Inc.

8 | DATED: August ____, 2005

BROKER & ASSOCIATES,
PROFESSIONAL CORPORATION

By: _____
JEFFREY W. BROKER
Attorneys for the Official Committee of
Unsecured Creditors of the Estate of
GSM Wireless, Inc.

15 | DATED: August _5_, 2005

LAW OFFICE OF THOMAS H. CASEY

By: _____
THOMAS H. CASEY
Attorneys for Mohammad Honarkar

3

Exhibit 2
Page 21

1

## ORDER

2

**IT IS ORDERED** that:

3

(1)    The Motion is granted on a final basis;

4

5

(2)    The Debtor is authorized to enter into a loan agreement with and to borrow

6

$900,000.00 from Mohammad Honarkar on the terms and conditions set forth in the

7

Interim Order; and

8

(3)    The entry of this Final Order is without prejudice to the Debtor, the

9

Committee, a Chapter 11 or Chapter 7 Trustee, or Mohammad Honarkar asserting any

10

and all claims and/or rights between the Estate and Honarkar that existed as of the date

11

of the Interim Order.

12

DATE:_____ AUG 1 5 2005

13

John E. Ryan
_____
THE HONORABLE JOHN E. RYAN
United States Bankruptcy Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit  **2**
_____
Page  **22**
_____

1                                       **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF ORANGE

3         I am employed in the County of Orange, State of California.  I am over the age of
4   18 and not a party to the within action; my business address is 650 Town Center Drive, Suite€950, Costa Mesa, California 92626.

5         On August 5, 2005, I served the foregoing document described as **STIPULATION**
6   **RE: FINAL ORDER ON THE DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION SECURED LOAN; ORDER THEREON** on the
7   interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

8         SEE ATTACHED LIST

9   [✓]    BY MAIL

10        [ ]    I deposited such envelope in the mail at Costa Mesa, California. The envelope was mailed with postage thereon fully prepaid.

11

12        [✓]    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in
13               the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage
14               meter date is more than one day after date of deposit for mailing in affidavit.

15

16         Executed on August 5, 2005, at Costa Mesa, California.

17   [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

18

19   [✓]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21   Margaret Sciesinski                                   
  Type or print name                              Signature

22

23

24

25

26

27

28                                                 Exhibit __2__
                                                Page __23__

**In re GSM WIRELESS, INC.**
**Case No. SA 05-13514 JR**
**Short List**

## SERVICE LIST

**Office of the United States Trustee**
Attn:  Nancy Goldenberg, Esq.
411 West Fourth St., Suite 9041
Santa Ana, CA 92701-4593

Jeffrey W. Broker, Esq.
Broker & Associates P.C.
18191 Von Karman Ave., Suite 470
Irvine, CA 92612-7114
**Counsel for Creditors' Committee**

Dean Rallis, Esq.
SulmeyerKupetz, APC
333 S. Hope St., 33rd Floor
Los Angeles, CA 90071-1406
**Counsel for Cingular Wireless II, LLC**

Edwin A. Herrera
Internal Revenue Service
Insolvency Unit, Area West, Territory 14, Gp 3
Mail Stop 5503
24000 Avila Road
Laguna Niguel, CA 92677
**Creditor**

Thomas H. Casey, Esq.
Law Offices of Thomas H. Casey, Inc.
22342 Avenida Empresa, #260
Rancho Santa Margarita, CA 92688
**Attorney for Mohammad Honarkar**

Exhibit __2__
Page __24__

NOTE TO THE USERS OF THIS FORM:
Physically attach this form as the last page of the proposed Order or Judgment
Do not file this form as a separate document.

| | | |
|---|---|---|
| In re | (Short Title) | Chapter 11 Case No: |
| **GSM WIRELESS, INC.** | | **SA 05-13514 JR** |

Debtor.

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that a judgment or order entitled (specify):

**STIPULATION RE: FINAL ORDER ON THE DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION SECURED LOAN; ORDER THEREON**

was entered on (specify date):    AUG 16 2005

I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on (specify date):    AUG 16 2005

DATED:    AUG 16 2005

JON D. CERETTO
Clerk of the Bankruptcy Court

By:_____S. DANIELS_____
Deputy Clerk

Exhibit ___2___

Page ___25___

**In re GSM WIRELESS, INC.**
**Case No. SA 05-13514 JR**
**Short List**

## SERVICE LIST

**Office of the United States Trustee**
Attn:  Nancy Goldenberg, Esq.
411 West Fourth St., Suite 9041
Santa Ana, CA 92701-4593

Jeffrey W. Broker, Esq.
Broker & Associates P.C.
18191 Von Karman Ave., Suite 470
Irvine, CA 92612-7114
**Counsel for Creditors' Committee**

Dean Rallis, Esq.
SulmeyerKupetz, APC
333 S. Hope St., 33rd Floor
Los Angeles, CA 90071-1406
**Counsel for Cingular Wireless II, LLC**

Edwin A. Herrera
Internal Revenue Service
Insolvency Unit, Area West, Territory 14, Gp 3
Mail Stop 5503
24000 Avila Road
Laguna Niguel, CA 92677
**Creditor**

Thomas H. Casey, Esq.
Law Offices of Thomas H. Casey, Inc.
22342 Avenida Empresa, #260
Rancho Santa Margarita, CA 92688
**Attorney for Mohammad Honarkar**

EDS

**WEILAND, GOLDEN,**
**SMILEY, WANG EKVALL & STROK, LLP**
**650 TOWN CENTER DR., SUITE 950**
**COSTA MESA, CA 92626**

Exhibit __2__
Page __26__

B. 104
(Rev. 8/99)

# ADVERSARY PROCEEDING SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(For Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| The Official Committee of Creditors Holding Unsecured Claims of GSM Wireless, Inc., Debtor, | Mohammad Honarkar |
| Address     c/o Jeffrey W. Broker, Esq. Broker & Associates Professional Corporatio 18191 Von Karman Avenue, Suite 470 Irvine, CA 92612-7114 | Address     648 Mystic View Laguna Beach, CA 92651 |

**RECEIVED**

**OCT 2 1 2005**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

| ATTORNEYS (Firm Name, Address, and Telephone Number) | ATTORNEYS (if known) |
|---|---|
| Jeffrey W. Broker, Esq. Broker & Associates Professional Corporation 18191 Von Karman Avenue, Suite 470 Irvine, CA 92612-7114     (949) 222-2000 | Thomas H. Casey, Esq. Law Offices of Thomas H. Casey, Inc. 22342 Avenida Empresa, #260 Rancho Santa Margarita, CA 92688 |

PARTY (Check one box only)

☐ 1  U.S. PLAINTIFF     ☐ 2  U.S. DEFENDANT     ☒ 3  U.S. NOT A PARTY

CAUSE OF ACTION (Write a brief statement of cause of action, including all U.S. statutes involved)

Complaint to Avoid and Recover Transfers of Property; For Turnover of Property of the Estate; Objections to Claims and Counterclaims; Declaratory and Other Equitable Relief

## NATURE OF SUIT
(Check the one most appropriate box only)

☒ 454 To recover money or property

☐ 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action

☐ 435 To determine the validity, priority, or extent of a lien or other interest in property

☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 434 To obtain an injunction or other equitable relief

☐ 498 Other (specify)

☐ 424 To object or to revoke a discharge 11 U.S.C § 727

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan

| ORIGIN OF | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 3 Reinstalled or Reopened | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|---|

| DEMAND 9999 | NEAREST THOUSAND $3,337,000.00 | OTHER RELIEF SOUGHT Claims Objections, Avoidance, Turnover | ☐ JURY DEMAND |
|---|---|---|---|

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR Mohammad Honarkar | BANKRUPTCY CASE NUMBER SA 05-13514 JR | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Central | DIVISIONAL OFFICE Santa Ana | NAME OF JUDGE Ryan |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF N/A | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE 10-21-05 | PRINT NAME Jeffrey W. Broker, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Jeffrey Broker* |
|---|---|---|

ORIGINAL